Joseph A. Cox, S.
The executors and trustees have asked the court to construe articles Eleventh and Twelfth of testatrix’ will. In article Eleventh a gift of the residuary estate is made to the trustees “ to disburse the same in their discretion for the following public charitable, educational and benevolent uses as follows, to wit: To the extent of fifty (50%) percent thereof, to provide shelter, necessities of life, education, general *855 or specific, financial aid, and such other like benevolences as may seem to them fitting and proper, to such children as they shall select as being in need of same. To the extent of the remaining fifty (50%) percent thereof to make contribution to any organization or institution which provides shelter, necessities of life, education, general or specific, hospital and medical aid, financial aid, and such other like benevolences as may seem to them fitting and proper.”
Article Twelfth provides in part as follows: “If at any time in the judgment of my Executors and Trustees, hereinafter mentioned, for any reason it becomes necessary to sell, dispose of, pledge or mortgage any of the property under this Will disposed of, I do hereby authorize and empower them so to do, and to reinvest the proceeds in the same class of property in which it has been heretofore invested, or otherwise, in their discretion ”.
The Attorney-General of the State of New York has appeared as the statutory representative of the ultimate beneficiaries of the charitable dispositions and has filed an answer in which he accepts the methods of administering these trusts which are set forth in affidavits filed by the trustees. These affidavits aver an intention on the part of the trustees to apply the first 50% of the fund for the benefit of children, selected by the trustees, from those nominated by charitable organizations. This suggestion is made to avoid the expenses which the trustees, acting independently, would incur in discovering children for investigation, in screening the needy and in ascertaining their particular requirements within the charitable purposes of the testatrix. The trustees state that arrangements have been made to have such preliminary inquiries conducted by qualified charitable organizations with ultimate choice of the children to be benefited resting in the trustees. This method of selection is approved by the court as an effective means of accomplishing the purposes of the testatrix with minimum expense to the trust fund. The court also considers it appropriate, in the discretion of the trustees, to permit such charitable organizations to make actual disbursement of money pursuant to the directions of the trustees.
The remaining 50% of the fund may be contributed to one or more charitable organizations for the uses stated in the will.
The residuary estate was bequeathed to the trustees ‘ ‘ to disburse the same ” for the enumerated charitable purposes. It is noteworthy that the language of the bequest makes no reference to income and neither the word income nor any comparable locution was employed by the testatrix. A reading of the full language of the trust bequest leads to the conclusion that the *856 testatrix intended to grant her trustees authority to disburse both income and principal of the fund.
Article Twelfth is construed as expressive of an intention to grant complete investment powers to the trustees and to relieve them from the statutory restrictions which would govern their investments had the will been silent in this regard. The specific permission to reinvest the proceeds of sale ‘ ‘ in the same class of property in which it had been heretofore invested, or otherwise, in their discretion ’ ’ is clearly a grant of full investment powers. The quoted language must be so construed and, if there were doubt, it would be resolved by the fact that the major portion of the investments received by the trustees from the testatrix were in common stocks.
Submit decree, on notice, construing the will.